IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL PAIGE,**                                  Case No. 4:15 CV 2081

    Petitioner,                              Judge Jack Zouhary

    v.                                       Magistrate Judge James R. Knepp, II

**STATE OF OHIO,**

    Respondent.                              REPORT AND RECOMMENDATION

### INTRODUCTION

*Pro se* Petitioner Michael Paige, a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") (Doc. 1). Respondent State of Ohio ("Respondent") filed a Motion to Dismiss—unopposed by Petitioner. (Doc. 10). On July 12, 2016, Plaintiff filed a "Request of Items of Docket Entrys [sic] for Inspection and Reconsideration". (Doc. 13). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated December 8, 2015). Following review, the undersigned recommends the Court grant Respondent's motion and dismiss the Petition.

### "REQUEST OF ITEMS OF DOCKET ENTRYS [SIC] FOR INSPECTION AND RECONSIDERATION"

Petitioner's motion (Doc. 13) contains three issues: (1) Petitioner requests copies of Documents 7, 9, 10, 11, and 12; (2) Petitioner objects to Document 12 (denying as moot Petitioner's motion for release) and asks for the Court's reconsideration; and (3) Petitioner requests appointment of counsel.

Copies of Documents 7, 9, 11, and 12 have already been mailed to Petitioner at the Mahoning County Jail, and his address was verified by the Court on May 26, 2016. (*See* Docs. 7, 11, and non-document entries dated March 16, 2016; May 26, 2016). Further, Document 7 is a motion for extension of time, which was granted and has no bearing on the merits of the Petition. (Docs. 7, 8). Document 9 is Petitioner's own motion which Respondent opposed, and the Court has denied. (Docs. 9, 11, 12). Petitioner clearly has a copy of Document 12 because he objects to the ruling in his current motion. (Doc. 13, at 2). Additionally, a courtesy copy of Document 10 was already mailed to Petitioner on May 26, 2016. (*See* non-document entry dated May 26, 2016). Petitioner's request for copies of documents is therefore denied.

Petitioner next objects to the Court's memorandum opinion and order dated March 16, 2016, denying as moot Petitioner's motion for release. (Doc. 12). Petitioner appears to believe the motion was denied as moot because it was itself untimely, but this is not the case. In that motion, Petitioner asserted he was entitled to immediate release from confinement because Respondent failed to timely answer his complaint. (Doc. 9). Indeed, initially Respondent did fail to timely respond; however, on March 3, 2016, the Court granted Respondent's motion for extension of time and Respondent filed a timely answer. (Docs. 8, 10). The Court, therefore, denied Petitioner's motion as moot. (Doc. 12). This order therefore stands.

Finally, Petitioner requests appointment of counsel. There is no constitutional right to the appointment of counsel in a habeas proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But when the Court determines that the interests of justice or due process so require, counsel may be appointed for a financially eligible person seeking relief under 28 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B); *see also Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

Here, Petitioner requests appointment of counsel in this matter only to prevent delay in future proceedings. (Doc. 13, at 3). To the extent Plaintiff suggests a delay would result because he lacks knowledge of the legal process, that alone is not sufficient justification for appointment of counsel in a habeas proceeding. *See McCullough v. Warden, Allen Corr. Inst.,* 2011 WL 486221, at *2 (N.D. Ohio). Petitioner has not demonstrated the interests of justice require the appointment of counsel. This request is therefore denied. The Court will now turn to the underlying Petition. (Doc. 1).

## FACTUAL BACKGROUND

Petitioner was indicted by the Mahoning County Grand Jury on March 8, 2012, for three offenses: Count One, aggravated murder with an accompanying firearm specification; Count Two, murder with an accompanying firearm specification; and Count Three, tampering with evidence. (Doc. 10-1, Ex. A).

On March 3, 2014, a jury found Petitioner not guilty as to Count One in the indictment, and the trial court declared a mistrial with respect to Counts Two and Three after the jury could not reach a verdict. (Doc. 10-2, Ex. B).

On May 8, 2015, Petitioner, acting *pro se*, filed an action under 42 U.S.C. § 1983 in this Court against Defendants City of Youngstown, Mahoning County Board of Criminal Justice, the State of Ohio, and Mahoning County Assistant Prosecutor Robert Andrews, seeking damages for his alleged wrongful incarceration. (Doc. 10-3, Ex. C; Case No. 4:15cv914). On September 23, 2015, this Court dismissed the action pursuant to 28 U.S.C. § 1915(A). *Id.*

## PETITION FOR HABEAS CORPUS

On October 7, 2015, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody. (Doc. 1). Petitioner asserted a single ground for relief:

**GROUND ONE**: False Imprisonment and Double Jeopardy

**Supporting Facts**: I was acquitted by a Jury of [12] on March 3, 2014 and was never released and have not been. [sic] And now I am being held 18 months later and threatened with a second trial on lesser offenses without [a] new indictment.

He attached a memorandum in support of his Petition contending that pending re-trials on Counts Two and Three in the indictment violate the Double Jeopardy Clause. *Id.*

## DISCUSSION

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275. The Supreme Court has stated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a petitioner fails to exhaust his claims, but still has an avenue open by which to do so, his petition is subject to dismissal for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

Additionally, federal courts are generally required to abstain from intervening in pending state court proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Here, Petitioner's underlying criminal case has not yet been adjudicated in the state courts. His case is still very much active and has yet to result in a conviction of any kind, as Petitioner is currently awaiting re-trial. *See State of Ohio v. Michael Paige*, 2012-CR-224.[1] He has not exhausted his state court remedies and this Court should refrain from involvement in pending state criminal proceedings.

---

1. The state court docket may be accessed electronically *via* the Mahoning County Clerk of Courts Case Search website: http://ecourts.mahoningcountyoh.gov/eservices/home.page.

Therefore, the undersigned recommends the Court dismiss the Petition without prejudice. *See Rhasiatry v. McCarty*, 2011 U.S. Dist. LEXIS 56954 at *9-11 (N.D. Ohio 2011) (dismissing a habeas corpus petition without prejudice because "the *Younger* doctrine requires the Court abstain from intervening in ongoing State court proceedings."); *see also Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006) ("A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance.")

### CONCLUSION AND RECOMMENDATION

Petitioner's requests in Document 13 are denied and the undersigned recommends the Court grant Respondent's Motion to Dismiss the Petition.

s/James R. Knepp, II<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).